IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARCELINO SANCHEZ MATA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 317-042 |
| | ) | |
| STACEY N. STONE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at McRae Correctional Facility, in McRae, Georgia, filed the above-captioned petition pursuant to 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

I. **BACKGROUND**

On July 20, 2017, the Clerk of Court sent a deficiency notice to Petitioner explaining he must either pay the $5.00 filing fee or submit a motion to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.) The Clerk enclosed a form motion to proceed IFP, which requires the attachment of "a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account

in" Petitioner's name. (Id. at 1.) Although Petitioner submitted the form IFP motion, he did not attach the requisite copy of his prison account statement certified by the appropriate officer at his prison. (Doc. no. 3.)

Therefore, on July 31, 2017, the Court entered an Order denying without prejudice Petitioner's incomplete motion to proceed IFP. (Doc. no. 4.) The Court additionally directed the Clerk of Court to attach a copy of the appropriate IFP paperwork to Petitioner's service copy of the Order, with the requirement in paragraph 1 regarding submission of a prison account statement highlighted. (Id.) The Court cautioned Petitioner he must either pay the $5.00 filing fee or submit a complete IFP, with supporting documentation, within twenty-one days, and failing to do so would result in a recommendation of dismissal. (Id. at 1-2); see also Loc. R. 4.1 (providing that commencement of a civil action requires, among other things, payment of the appropriate filing fee or submission of an IFP motion); see also 28 U.S.C. § 1914(a) (providing that the filing fee for a habeas corpus action is $5.00).

## II. DISCUSSION

The time to respond to the Court's July 31st Order has passed, and Petitioner has not submitted the filing fee or an updated IFP motion with supporting documentation. Therefore, dismissal without prejudice is appropriate.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also McLeod v. Sec'y, Fla. Dep't of Corr., 679 F. App'x 840, 842 (11th Cir. 2017) (*per curiam*) ("The district

court has the inherent authority to manage its own docket to achieve 'the orderly and expeditious disposition of cases.'") (citation omitted); Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a litigant has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) & (c) (Court may dismiss an action *sua sponte* for "[w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness.").

Here, Petitioner's failure to file an updated IFP motion with supporting documentation or pay the $5.00 filing fee, or even to provide the Court with an explanation for his failure to comply with the July 31st Order, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. The Court cautioned Petitioner that a failure to respond would result in a recommendation for dismissal. Furthermore, because Petitioner requested permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

Because the Petitioner has not paid the filing fee or submitted a proper motion to proceed IFP, the petition is subject to dismissal for Petitioner's failure to comply with the Court's July 31, 2017 Order.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of September, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA