IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARCELINO SANCHEZ MATA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 317-042 |
| | ) | |
| STACEY N. STONE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at McRae Correctional Facility, in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. The Court **REPORTS** and **RECOMMENDS** the petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

### I.     BACKGROUND

On December 10, 2013, the California Highway Patrol arrested Petitioner under the name of Dolores Chavezsosa on drug-related charges and booked him into the Santa Clara County Jail. (Doc. no. 18, Ex. 1, hereinafter Kitka Decl. ¶ 6, Attachs. 2, 3.) On April 28, 2014, Judge Edward F. Lee of the Santa Clara Superior Court sentenced Petitioner to two years of imprisonment for his drug charges, and Petitioner remained in custody in Santa Clara County until December 20, 2014. (Id. ¶ 7, Attachs. 2, 3.) The State of Georgia requested Petitioner's extradition for a probation violation upon completion of his sentence

in California.  (Id., Attachs. 4, 5.)

Petitioner arrived in Gwinnett County, Georgia, on December 24, 2014, and on February 24, 2015, had his probation revoked because he had failed to report to his probation officer since his release from prison in Georgia on March 30, 2008.  (Id. ¶¶ 9-10, Attachs. 5, 6.)  Judge Randy Rich of the Gwinnett County Superior Court sentenced Petitioner to a six-month term of imprisonment for the probation violation.  (Id. ¶ 10, Attachs. 5, 6.)  While he was incarcerated for the probation violation, immigration officials became aware of Petitioner's presence in the United States, and when Petitioner, a Mexican citizen, finished the Gwinnett County sentence on May 22, 2015, he was released to the Bureau of Immigration and Customs Enforcement ("ICE").  (Id. ¶¶ 11- 12, Attachs. 5, 7.)

On August 5, 2015, the grand jury in the Northern District of Georgia indicted Petitioner for Illegal Reeentry of a Previously Deported Alien under 8 U.S.C. § 1326(a) and (b)(2).  (Id. ¶ 14, Attach. 8, United States v. Sanchez-Mata, 1:15-CR-291 (N.D. Ga. Aug. 5, 2015).)  On August 7, 2015, Petitioner was arrested at the ICE/ERO Field office in Atlanta and transferred to the custody of the United States Marshal at the United States District Court in Atlanta to answer the charges in 1:15-CR-291.  (Id. ¶ 15, Attachs. 8, 9.)  Petitioner pleaded guilty to the illegal reentry charge, and United States District Judge Steve C. Jones sentenced Petitioner on January 27, 2016, to a term of fifty-four months of imprisonment.  (Id. ¶ 16, Attach. 10.)  The judgment made no mention of any other sentence and did not make any mention of how the Bureau of Prisons ("BOP") should calculate Petitioner's sentence.  (Id.)

The BOP began the calculation of Petitioner's sentence from the date Judge Jones sentenced him, January 27, 2016.  (Id. ¶¶ 16-17, Attach. 1.)  The BOP awarded jail credit from August 5, 2015, through January 26, 2016, the date of Petitioner's indictment in the

2

Northern District of Georgia until the day before sentencing by Judge Jones. (Id. ¶ 17, Attach. 1.) The calculation does not include credit for: (1) December 24, 2014 through May 22, 2015, time Petitioner served in state custody for the Gwinnett County probation revocation in Georgia; and (2) May 23, 2015, through August 4, 2015, time Petitioner was in ICE custody until issuance of the federal indictment charging Petitioner with illegal reentry. (Id. ¶ 18.) Petitioner's projected release date is July 6, 2019. (Id. ¶ 5, Attach. 1.)

Through the administrative grievance procedure, Petitioner demanded credit for all time spent in custody from December 24, 2014, through August 5, 2015, to include the time in state custody on the probation revocation and the time in ICE custody until his indictment for illegal reentry in the Northern District of Georgia. (Doc. no. 1-2, Exs. 1 & 2.) The BOP denied Petitioner's grievance, and Petitioner filed the instant petition again requesting credit for the same disputed time period.[1,2] (See generally doc. nos. 1, 19.) Respondent maintains Petitioner's projected release date is correct because Petitioner has received all applicable credits. (See generally doc. no. 18.)

## II.   DISCUSSION

The issue Petitioner raises concerning the computation of his sentence is governed by 18 U.S.C. § 3585 and Program Statement ("PS") 5880.28 of the Sentence Computation

---

[1]There appears to be a scrivener's error in Petitioner's initial brief when he states he seeks credit for December 24, 2014 through *October* 5, 2015. (Doc. no. 1-1, pp. 2, 5.) However, one page of the initial brief, along with the attached administrative grievance paperwork and the reply brief, make clear he seeks credit from December 24, 2014, through *August* 5, 2015. (Doc. no. 1-1, p. 4, Exs. 1, 2; doc. no. 19.)

[2]Although Respondent also presents argument as to why Petitioner is not entitled to credit from December 10, 2013, to December 24, 2014, time spent in custody as a result of drug charges in California, (see doc. no. 28, p. 5), Petitioner's request for credit runs only from the day he arrived in Georgia, December 24, 2014, (doc. no. 1-1, p. 4). Therefore, the Court starts its analysis as of December 24, 2014.

Manual (CCCA of 1984).  The relevant portion of 18 U.S.C. § 3585 provides as follows:

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

This code section establishes two principles of sentence crediting.  First, to qualify for a credit, the defendant must have served the time as a result of either the offense underlying the sentence or an offense for which the defendant was arrested after commission of the underlying offense.  18 U.S.C. § 3585(b)(1)-(2).

Second, under no circumstances may a defendant receive double credit for time served prior to sentencing.  Section 3585 expresses this principle in two ways, first by providing that a defendant shall receive credit for "any time he has spent in official detention prior to the date the sentence commences."  Id. § 3585(b).  A defendant must therefore receive credit equal to, but not more or less than, the time in detention prior to sentencing.  Section 3585 also provides that a defendant is ineligible for a credit to the extent time in detention has "been credited against another sentence."  Id.  In sum, when read together, these components of § 3585 provide that one day in presentence detention equals one day of credit that can be applied only once.

"In enacting section 3585(b), 'Congress made clear that a defendant could not receive a double credit for his detention time.'"  Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90 (11th Cir. 2009) (*per curiam*) (citing United States v. Wilson, 503 U.S. 329, 336-37

4

(1992)). PS 5880.28 similarly provides that "[c]redit will be given for time spent in official detention as a direct result of the federal offense for which the federal sentence was imposed . . . provided it has not been credited against another sentence." PS 5580.28, p. 1-16, *available at* www.bop.gov/policy/progstat/5880_028.pdf (last visited Jan. 31, 2018).[3]

### A.   Petitioner is Not Entitled to Federal Credit for Time Previously Credited Against His State Sentence.

Petitioner seeks federal credit for time previously credited to his six-month state sentence imposed in Georgia when his probation was revoked for failing to report to his probation officer after release from prison, the time period covering December 24, 2014, through May 22, 2015. (Doc. no. 1-1, pp. 5-6.) However, under § 3585(b), time credited to Petitioner's state sentence cannot be credited again to his federal sentence. See United States v. Wilson, 503 U.S. 329, 337 (1992); Shepherd v. Warden, USP-Atlanta, 683 F. App'x 854, 855 (11th Cir. 2017) (*per curiam*) (applying Wilson and finding § 2241 petitioner not entitled to federal credit for time previously credited to state sentence).

Relying on Wilson, Petitioner argues in his reply brief the sentencing court was not authorized to compute his sentence, only the Attorney General, through the BOP, can compute his sentence, including jail credit. (Doc. no. 19.) Examination of the judgment entered in federal court by Judge Jones reveals no instruction on how to calculate Petitioner's sentence, and as demonstrated by Respondent, it was, in fact, the BOP who calculated Petitioner's jail credit and projected release date. (Kitka Decl., Attachs. 1, 10.) As the time from December 24, 2014, through May 22, 2015, was credited against Petitioner's state sentence, he is not entitled to credit for that time on his federal sentence.

---

[3] The Supreme Court has instructed lower courts that this PS is entitled to at least "some deference." Reno v. Koray, 515 U.S. 50, 61 (1995).

### B.     Petitioner Is Not Entitled to Credit for Time Spent in ICE Custody.

Petitioner also seeks credit for time spent in ICE custody after he was released from state custody but before he was indicted in federal court, May 23, 2015 through August 4, 2015.  Time spent in custody pending a civil deportation determination does not qualify as time in "official detention" and thus does not result in a credit under § 3585.  Indeed, PS 5880.28, which implements the congressional mandate of 18 U.S.C. § 3585(b), provides:

> Official detention does not include time spent in the custody of the U.S. Immigration and Naturalization Service (INS)[4] under the provisions of 8 U.S.C. § 1252 pending a final determination of deportability. An inmate being held by <u>INS pending a civil deportation determination is not being held in "official detention" pending criminal charges.</u>  (citations omitted).

PS 5880.28, p. 1–15A.

Similarly, this Circuit has determined deportation proceedings are civil, rather than criminal, in nature.  <u>United States v. Noel</u>, 231 F.3d 833, 836-37 (11th Cir. 2000) (*per curiam*); <u>Barthold v. United States INS</u>, 517 F.2d 689, 691 (5th Cir. 1975).[5]  In <u>Noel</u>, the Eleventh Circuit acknowledged that time spent in ICE administrative custody is not spent "pending a civil deportation determination" where the detention is a "mere ruse[] to detain a defendant for later criminal prosecution."  <u>Noel</u>, 231 F.3d at 836.  However, this exception "should only be applied when 'the defendant demonstrates that the primary or exclusive purpose of the civil detention was to hold him for future criminal prosecution.'"  <u>Id.</u> (citing

---

[4] Pursuant to a 2003 reorganization of the Department of Homeland Security, the former INS merged with elements of the United States Customs Service to create ICE. <u>See</u> www.cpb.gov/about/history/timeline-static-view (last visited Jan. 31, 2018).

[5] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down by the close of business on September 30, 1981.

United States v. De La Pena-Juarez, 214 F.3d 594, 598 (5th Cir. 2000)).

Petitioner offers no evidence to suggest his ICE administrative custody was a ruse to detain him for criminal prosecution, much less that it was the primary or exclusive purpose of his detention. Without proof that this type of civil detention exceeds the time needed to effectuate deportation, the Eleventh Circuit does not consider a deportation detention to be punishment. Noel, 231 F.3d at 837. It is undisputed that Petitioner was in ICE custody for civil deportation proceedings from May 23, 2015, until his transfer to the Northern District of Georgia to face the charges in the indictment dated August 5, 2015. The immigration detainer confirms there was a final order of removal for Petitioner. (Kitka Decl., Attach. 7.) Nothing suggests this time period of a little over two months was excessive or otherwise would exceed the time needed to effectuate a deportation, let alone that the detention during this time period was a ruse merely to hold him to face the illegal reentry charges in the Northern District. In sum, Petitioner was not held in "official detention" from May 23, 2015, through August 4, 2015, and he is not entitled to the jail credit he seeks.

### C. Petitioner Is Not Entitled to Double Credit for Time Already Credited to His Federal Sentence.

Petitioner also seeks federal credit for August 5, 2015. (Doc. no. 1, p. 4.) The BOP has already credited Petitioner for August 5, 2015, as part of the calculation of his federal sentence for illegal reentry, and he is not entitled to double credit. See 18 U.S.C § 3585(b)(1)-(2); (Kitka Decl. ¶ 20,[6] Attach. 1.)

---

[6]The Kitka Declaration contains a scrivener's error in ¶ 20 in that it says the date of Petitioner's sentencing was *June* 27, 2016, rather than *January* 27, 2016. All documentation attached to the declaration confirms the sentencing occurred on January 27, 2016, and that Petitioner received credit on his federal sentence from August 5, 2015, through January 26, 2016, the day prior to sentencing. (Kitka Decl., Attachs. 1, 10.)

7

### III. CONCLUSION

For the reasons set forth above, Petitioner has not shown the calculation of his sentence is in violation of the Constitution, laws, or treaties of the United States as is required to obtain relief under 28 U.S.C. § 2241. Accordingly, the Court **REPORTS** and **RECOMMENDS** the petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 31st day of January, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA